IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| **ANDRE THOMAS** | : | CASE NO:_____ |
| c/o Cornelius "Carl" Lewis, Esq. | | |
| The Lewis Law Firm, Inc., LPA | : | |
| 119 East Court Street | | |
| Cincinnati, Ohio 45202 | : | HON. JUDGE:_____ |
| PLAINTIFF, | : | |
| -vs- | : | |
| **POLICE OFFICER JOHN BROWN** | : | **CIVIL COMPLAINT AND JURY DEMAND** |
| c/o Cincinnati Police Department | | |
| 310 Ezzard Charles Drive | : | |
| Cincinnati, OH 45214 | | |
| *In his Individual Capacity* | : | |
| | : | |
| | : | |
| | : | |
| DEFENDANT. | | |

## I.  PRELIMINARY STATEMENT

1.  This civil rights case challenges the government imposition of excessive force upon the Plaintiff, Andre Thomas ("Plaintiff/Mr. Thomas"). Plaintiff was, unlawfully, shot in the back by a police handgun fired by Defendant Police Officer John Brown on August 11, 2020. Plaintiff brings this civil rights action for damages pursuant to 42 U.S.C. §1983 against Defendant for his outrageous, malicious, violent, deliberately indifferent, reckless, and excessive force, wrongfully imposed by the defendant police officer upon Mr. Thomas.

## II.  JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates paragraph 1 as if fully restated herein.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

4. Venue in the United States District Court, Southern District of Ohio, is proper pursuant to 28 U.S.C. § 1391(b) in that the claims arose in this district as alleged below.

### III. PARTIES.

5. Plaintiff re-alleges and incorporates paragraphs 1-4 as if fully restated herein.

6. Plaintiff Andre Thomas is and was at all relevant times an African American resident of the State of Ohio. He brings this action on his own behalf.

7. At all relevant times Defendant John Brown ("Officer Brown") was a Cincinnati police officer in and for the City of Cincinnati, Ohio and acted under color of state law. Defendant Officer Brown is sued in his individual capacity.

### IV. FACTS.

8. Plaintiff re-alleges and incorporates paragraphs 1-7 as if fully restated herein.

9. On August 11, 2022, in the afternoon on a clear and sunny day, Plaintiff was lawfully operating his motor vehicle when he stopped for gas at 2455 Compton Road, Colerain Twp. Ohio.

10. When Plaintiff exited his vehicle an unmarked police car quickly pulled into the gas station. The unmarked car contained defendant Officer Brown and at least one other police officer. Police officers, who were not wearing standard patrol officer uniforms, leapt out of the unmarked car and ran towards the Plaintiff.

11. On information and belief, the police claim they had witnessed plaintiff commit a

non-violent criminal offense prior to police officers attempting to apprehend the plaintiff.

12. Plaintiff was shocked, surprised, and scared for his life so he attempted to elude the police officers. Plaintiff stepped towards his driver door, then, without having gotten near entering or reaching into his vehicle, changed direction and ran away from the onrushing officers.

13. Upon doing so, plaintiff found himself running toward at least one newly arriving uniformed police officer.

14. Plaintiff again reversed course away from the newly arriving officer but, before he could begin moving in a new direction, he was shot in the back with a taser by an officer from the direction of the unmarked car.

15. Two taser "prongs" or "barbs" each were stuck in the plaintiff's back.

16. The plaintiff endured significant pain from the red hot taser equipment in his back. Plaintiff grabbed one taser "barb" with each hand in an effort to relive the searing pain. As a result, all police officers could clearly see each of plaintiff's hands and no police officer could have reasonably believed plaintiff was armed or reaching for a weapon.

17. While attempting to remove the taser "barbs", plaintiff had ceased attempting to elude police officers nor was he engaged in any other activity legally cognizable as fleeing, assaulting, or resisting police officers. Moreover, plaintiff was, at that point, "seized" as a matter of law.

18. Despite this reality, while attempting to remove the taser equipment from his back, plaintiff saw defendant Brown remove his handgun from Brown's waist area and point it directly at the plaintiff. Neither defendant Brown, nor any other officer, gave plaintiff any

instruction or opportunity to comply from the point the gun was pointed at plaintiff until it was fired.

19. Without any legal justification whatsoever, Defendant Brown fired his gun. The bullet hit plaintiff in the back.

20. Plaintiff fell to the ground and quickly lost consciousness.

21. Police body cam video shown on local media shows plaintiff lying on the ground bleeding. In the video, assembled police officers are heard saying "stay with us", "c'mon buddy wake up!", and nervously inquiring how long until the ambulance will arrive.

22. Plaintiff was eventually taken to a hospital emergency room.

23. There Plaintiff was observed with an entrance wound in the lower thoracic area which was actively bleeding, with defendant Officer Brown's bullet being located in plaintiff's anterior chest near his sternum.

24. Plaintiff had regained consciousness and was screaming in pain at the hospital. Medical personnel noted his pain level as "10 out of 10."

25. Plaintiff endured an emergency exploratory laparotomy for trauma, left lateral hepatic segmentectomy, splenic flexure takedown, left retroperitoneal exploration, control of hemorrhage from left adrenal gland and left retroperitoneum, drainage of pancreas injury, placement of the surgical performance of a pericardial window, and esophagogastroduodenoscopy.

26. The pericardial window was necessary as the path of the bullet was very near plaintiff's heart.

27. Plaintiff remained hospitalized until August 18, 2020. Plaintiff was prescribed significant pain medication upon discharge including, inter alia, morphine, high dose

acetaminophen, oxycodone, and gabapentin.

28. While the largest part of defendant Officer Brown's bullet was successfully removed by doctors, several smaller "ballistic fragments" could not be removed and remain in plaintiff's abdomen.

29. Plaintiff has permanent injuries resulting from the gunshot injury complained of herein including recurrent episodes of severe left mid and lower back pain, gastrointestinal issues including bloating, reflux, and intermittent appetite issues, and post-traumatic stress disorder. Plaintiff is permanently partially disabled.

30. Following the unjustifiable and unlawful shooting of Plaintiff, then Cincinnati Police Chief, Eliot Isaac held an press conference condemning the acts of Defendant Officer John Brown by stating that Defendant John Brown's actions were, "a use of unjustifiable and excessive force."

31. Plaintiff was severely injured, shamed, humiliated, degraded, demoralized, and endures sustained, prolonged and permanent injuries due to Defendants' willful, malicious, deliberately indifferent, reckless, and outrageous actions. Each and every one of Plaintiff's injuries was directly and proximately caused by the wrongful and illegal acts of the defendant Officer Brown.

32. Defendants' conduct was willful, wanton, malicious, deliberately indifferent and/or in reckless disregard of Plaintiff's Constitutional and/or State law rights. Defendant Brown was, at all relevant times, on duty as a police officer for the City of Cincinnati, Ohio and was acting under color of state law.

V.     **FIRST CLAIM FOR RELIEF: 42 U.S.C. §1983: Fourth Amendment Claims for Seizure; Excessive Force;**

33.     Plaintiff re-alleges and incorporates paragraphs 1-32 as if fully restated herein.

34.     Plaintiff was "seized" at the time police hit him with a taser as described above.

35.     Defendant had no authority, right, or legal justification to remove his gun from it's holster at any time during defendant's herein described interaction with the plaintiff.

36.     Given the presence of multiple other police officers at the scene of the plaintiff's arrest, Defendant had no authority, right, or legal justification to physically contact or physically interact with the plaintiff while defendant had a gun in his hand at any time during defendant's herein described interaction with the plaintiff.

37.     Defendant had no authority, right, or legal justification to shoot the plaintiff with defendant's handgun at any time during defendant's herein described interaction with the plaintiff.

38.     Each and every one of Plaintiff's injuries was directly and proximately caused by the wrongful and illegal acts of the defendant Officer Brown. Each and every one of the actions described above and specified in paragraphs 35, 36, and 37 were unreasonable for defendant Brown to take under the circumstances described herein, and constitute violations of plaintiff's rights under the Fourth Amendment.

39.     Defendant has, under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including, <u>inter alia</u>, the Fourth and Fourteenth Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays this Honorable Court:

    a.    Grant compensatory damages against Defendants in an amount to be determined at trial;

    b.    Grant punitive damages against Defendants in an amount to be determined at trial;

    c.    Award him reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    d.    Award him pre and post judgment interest;

    e.    Grant Plaintiff a trial by jury; and,

    f.    Award such other and further relief as is just and necessary.

Respectfully submitted,

***/s/ Cornelius "Carl" Lewis***
Cornelius "Carl" Lewis (#0055700)
**THE LEWIS LAW FIRM, INC., L.P.A.**
119 East Court Street
Cincinnati, Ohio 45202
(513) 632-9542/Office
(513) 721-5824/Fax
(513) 371-4520/Cell
Thelewislawfirm@aol.com
*Trial Attorney for the Plaintiff Andre Thomas*

***/s/ James E. Kolenich***
James E. Kolenich (#0077084)
**KOLENICH LAW OFFICE**
9435 Waterstone Blvd. #140
Cincinnati, Ohio 45249
(513) 444-2150/Office

(513) 444-2099/Fax
(513) 324-0905/Cell
JEK318@gmail.com
*Trial Attorney for the Plaintiff Andre Thomas*

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

***/s/ Cornelius "Carl" Lewis***
Cornelius "Carl" Lewis (#0055700)